Stewart, J.
The record now before this court is substantially the same as that presented in the previous consideration of the cause.
Our previous judgment was predicated solely on a consideration of the sufficiency of the indictment.
With the formal parts omitted, the indictment is as follows:
“* * * the jurors of the grand jury of the state of Ohio, within and for the body of the county of Summit, * * * do find and present, that Emory J. Yudick in the county of Summit and state of Ohio aforesaid, on the 21st day of September, in the year of our Lord, one thousand, nine hundred and forty-seven, unlawfully and unintentionally killed one Steve Guylas, while, the said Emory J. Yudick was engaged in the violation of the laws of the state of Ohio applying to the use or regulations of traffic, to wit: Sections 6307-20, 6307-21 and 6307-63 of the General Code of Ohio in that he, the said Emory J. Yudick did operate a certain motor vehicle to wit: a 1941 Buiek automobile upon a certain road known as state highway 14, located in the village of Twinsburg, the county and state aforesaid, and that the said Emory J. Yudick did operate said motor vehicle in a reckless manner, to wit, without due regard for the safety and right of the occupants of said vehicle and so as to endanger life and limb of said occupants of said vehicle, and without bringing said vehicle to a stop before entering state highway 91, a through highway; and in that be was operating upon said highway at a speed greater than was reasonable having due regard for the traffic, surface and width of the street or highway, to wit, a *26 speed in excess of fifty miles per hour, contrary to the form of the statute in such case made and provided and against the peace and dignity of the state of Ohio. ’ ’
In the Yudick case (155 Ohio St.), we held in substance that the indictment in regard to the violations predicated on Sections 6307-20 and 6307-21 is sufficient, but that it is incomplete in regard to the violation predicated on Section 6307-63, General Code, in that “the indictment in regard to this violation was incomplete in that it did not state that the accused’s failure to bring the vehicle to a stop before entering state highway No. 91 was in disregard of a stop sign erected at the intersection of such highway. ’ ’
This court there held that the Court of Appeals was correct in holding that the indictment does not properly charge an offense based upon the violation of Section 6307-63, General Code. We also held that the invalidity in that respect does not serve to completely invalidate the indictment.
The remand of the cause to the Court of Appeals was made with the clear indication that, although the indictment does charge the offense of manslaughter under Section 6307-18, General Code, it is insufficient to charge the offense of manslaughter based upon a claimed violation of Section 6307-63, General Code.
The Court of Appeals was directed to fully consider the record of the Court of Common Pleas and to pass upon the claimed errors which the Court of Appeals had not theretofore passed upon. The affirmance by that court of the judgment of the Court of Common Pleas presents to us the question whether the Court of Appeals erred in such affirmance.
An examination of the record in the Court of Common Pleas discloses that a large portion of the testimony was that the accused drove his car into a *27 through highway without stopping as required by a stop sign.
The trial court charged the jury by reading Section 6307-63, General Code, to it and by stating further:
“If route No. 91 had been designated a through highway over route No. 14, in the manner aforesaid prescribed by law, and a stop sign had been lawfully erected on route No. 14, east of the intersection, and the defendant herein operated said motor vehicle across route No. 91 without first bringing it to a stop at the stop sign, in compliance with the aforesaid statute, then in that situation he would be guilty of violating said Section 6307-63 of the General Code of Ohio.
“This proceeding presents the following issues of fact:
“(1) Did the defendant, on September 21, 1947, in Summit county, Ohio, operate said motor vehicle in violation of any of the three laws aforesaid, namely, 6307-20, the so-called ‘reckless driving’ law; Section 6307-21 of the General Code, the so-called ‘ speed law, ’ and Section 6307-63, General Code, the so-called ‘stopping before crossing a through highway’ law?”
It must be remembered that the accused did not collide with any object or traffic in the intersection of routes 14 and 91. He was driving his automobile in a westerly direction on route 14 and lost control of it before reaching route 91. After his automobile struck not only an iron pole but likewise a telephone pole which was guarded by three or four railroad rails set in cement, it careened across route 91, struck an island on the other side of the road and wrapped itself around a telephone pole there.
It might well be argued that, assuming there was a violation of Section 6307-63, such violation could in no way have been a direct cause of the death with which the present case is concerned.
*28 In the Yudick case (155 Ohio St.), Judge Matthias in the opinion, on page 276, said:
“The following language from 12 Ohio Jurisprudence, 632, Section 613, is pertinent: ‘Although, on ah indictment containing several counts, some of which are defective, and one of which is good, a general verdict of guilty will be held to apply to the good count, and support the indictment, yet such general verdict will not authorize separate penalties upon separate counts. A judgment and sentence in general terms, on such a verdict, is not erroneous, provided the sentence be proper, and warranted by the laws applicable to the good counts. It is not erroneous because not rendered with express reference to the good counts.
Ci l % * *
“ ‘The rule now under consideration is not varied by the circumstance that a demurrer of the defendant to the bad counts was overruled, after which the defendant pleaded not guilty to the whole indictment, it not appearing from the record that the defendant was prejudiced by the introduction of evidence under the bad counts, which was not competent under the good counts. (Emphasis supplied.)’ ”
It follows from the above that, if it appears from the record that the accused was prejudiced by the introduction of evidence as to the bad count, which was not competent as to the good counts, or by the charge of the court with reference to the bad count, the conviction should be reversed.
We are of the opinion that, since the indictment in this case is defective so far as it charges the violation of Section 6307-63, General Code, the introduction over objection of the great amount of evidence with reference to such violation and the charge of the court authorizing the jury to find the accused guilty of that violation were prejudicial to the accused.
*29 The accused contends that the trial court erred in instructing the jury as follows:
“In connection with your duty to consider the evidence, I desire to call your attention to the fact that the defendant has failed to take the witness stand and testify, under oath, in his own behalf. The law does not permit him to be called as a witness against his will. The Constitution of Ohio, Article 1, Section 10, provides that ‘no person shall- be compelled, in any criminal case, to be a witness against himself; but his failure to testify may be considered by the court and jury and may be made the subject of comment.’
“Section 13444-3 of the G-eneral Code of Ohio provides that ‘on the trial of criminal causes, a person charged with an offense may, at his own request, be a witness, but not otherwise. The failure of such person to testify may be considered by the court and the jury and may be made the subject of comment by counsel.’ ”
In this instruction the court, in quoting from the Constitution, omitted the words, “by counsel,” after the word, ‘ ‘ comment, ’ ’ which was claimed to create an inference that according to the Constitution the court as well as counsel is authorized to comment.
We are of the opinion that the mere reading of the constitutional provision and the statute by the court to the jury does not constitute prejudicial error, where the court did not indicate that the refusal of the accused to testify in any way relieves the state of its obligation to prove beyond a reasonable doubt that the accused is guilty of the offense with which he is charged and where the court, fully and correctly charged the jury with reference to the burden of proof resting upon the state.
However, for prejudicial error in the admission of evidence under the defective charge in the indictment, *30 which was not competent under the sufficient charges, and in the instruction of the court with reference to the defective charge, the judgment of the Court of Appeals is reversed and the cause is remanded to the Court of Common Pleas for a new trial.

Judgment reversed and cause remanded.

Weygandt, C. J., Zimmerman, Middleton, Taft, Matthias and Hart, JJ., concur.